869 P.2d 583

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Keith D. ROSE, Defendant–Appellant.**

**No. 20635.**

Court of Appeals of Idaho.

Feb. 28, 1994.

Featherston Law Firm, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise; for respondent.

PERRY, Judge.

Keith D. Rose appeals from his judgment of conviction for sexual abuse of a minor under the age of sixteen. I.C. § 18–1506. Rose alleges that the district court erred in refusing to allow defense counsel to inquire of the victim as to her knowledge of certain sexual behavior between her siblings. Rose further contends that the district court erred in its denial of his motion for mistrial. We affirm.

In late June of 1992, the victim, who was eleven years old, and her cousins were left with Rose and his girlfriend while the victim's parents went to California on a family emergency. The victim claims that in the early morning hours of June 26, she awoke to find someone touching her vagina with a finger and kissing her bottom. When the victim told the person to leave her alone and he responded, the victim recognized the voice of the perpetrator. The victim did not report the abuse to an adult until one month later. Based upon the victim's allegations, Rose was charged with a felony under I.C. § 18–1506.

During the course of the jury trial, counsel for Rose attempted to cross-examine the victim concerning her knowledge of sexual behavior between her brother and stepsister. The prosecutor's objection was sustained and the evidence was excluded. Later, during the state's rebuttal evidence, counsel for Rose objected to an answer given by a witness concerning statements made by Rose's girlfriend. Counsel for Rose asked that the answer be stricken and moved for a mistrial. The district court ruled that the answer was to be stricken, and the jury was instructed to disregard it. However, the motion for mistrial was denied. Rose was found guilty by the jury. He was sentenced to the custody of the Idaho State Board of Correction for a

period of ten to fifteen years. Rose appealed.

Rose first contends that the district court erred in refusing to allow his counsel to inquire of the victim as to her knowledge of sexual behavior between her siblings. Specifically, the question and objection were:

Q. [by defense counsel]: Were you aware of any problems that [C.] and [J.] had that the Department of Health and Welfare is involved in?

MR. DAY [the prosecutor]: Objection your Honor, materiality, and also goes well beyond the scope of the direct.

Apparently, the "problems" concerned two incidents involving the victim's brother, one in which the brother allegedly had asked his stepsister to perform fellatio and a second in which the brother allegedly exposed his penis to three girls. The report of the Department of Health and Welfare, marked as defendant's exhibit A, was given to the district court for its review. The district court had the opportunity to consider these other allegations, and the victim's involvement therein, in making its ruling. The district court sustained the objection, holding that the testimony would not be relevant under I.R.E. 401 and, if relevant, that the testimony should be excluded under I.R.E. 403.

On appeal, Rose cites no statute, rule or case authority in his argument addressing the district court's decision pursuant to Rule 401. Under this rule, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

■ Relevance of evidence is a question of law, over which we exercise free review on appeal. *Lubcke v. Boise City*, 124 Idaho 450, 466, 860 P.2d 653, 669 (1993). Rose argues that defense counsel must be given latitude to explore the extent of the prior knowledge and understanding of human sexual activity possessed by a child who is making accusations of sexual abuse. We agree. However, upon our own review of defendant's exhibit A and the trial transcript, we are unpersuaded by Rose's argument in this particular case.

The evidence derived from such inquiry still must be relevant to the issues in the case at hand. In the instant matter, its relevancy is questionable at best. With respect to the evidence in question, Rose fails to show the connection between the knowledge allegedly gained from the previous experiences and the knowledge the victim displayed at trial. The alleged conduct in the two incidents was factually dissimilar to the conduct with which Rose was charged. The first incident did not involve the victim in this case in any way. The victim and her brother both denied that the second incident had occurred. The information about the Department of Health and Welfare investigation does not readily demonstrate an alternative source of knowledge sufficient to explain the allegations made against Rose.

■ Even assuming that the question posed to the victim was a relevant inquiry, Rose still must show that the district court committed reversible error in sustaining the state's objection. Rose's counsel submitted to the district court the report from the Department of Health and Welfare as an aid in support of an offer of proof. Once outside the presence of the jury, however, the witness was then excused without further questioning. The record contains no actual offer of proof, either by requiring the witness to answer proposed questions, or by counsel's argument, that demonstrates what the excluded testimony would have been. We will not speculate as to what could have been shown by Rose based on the record before us, nor will we presume error. Rose must show that the district court's exclusion of the evidence affected a substantial right. I.R.E. 103. This he has failed to do. Therefore, we need not address whether the evidence was more probative than prejudicial under I.R.E. 403.

Rose brings to our attention an article in the September 6, 1993, issue of *Time* magazine discussing the public's hysteria over child abuse cases. Although this article raises some interesting questions regarding the prosecution of child abuse cases, it does nothing to support any of Rose's arguments that there were errors in his trial.

Rose also contends that the trial court erred in refusing to grant a mistrial following an inadvertent reference to Rose's prior conduct. According to I.C.R. 29.1, a mistrial may be granted "when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." Rulings on motions for mistrials have been characterized as discretionary, upon review of which we look for an abuse of that discretion. *State v. Araiza*, 124 Idaho 82, 94, 856 P.2d 872, 884 (1993); *State v. Tolman*, 121 Idaho 899, 902, 828 P.2d 1304, 1307 (1992). The abuse of discretion standard, however, by itself, does not accurately reflect the breadth of our inquiry. The exercise of the lower court's discretion is reviewed in light of the full record and final outcome of the trial.

> Consequently, the question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Stoddard*, 105 Idaho 169, 170–71, 667 P.2d 272, 273–74 (Ct.App.1983). *See also State v. Shepherd*, 124 Idaho 54, 855 P.2d 891 (Ct.App.1993); *State v. Guinn*, 114 Idaho 30, 752 P.2d 632 (Ct.App.1988); *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App. 1983).

In this case, the event that triggered the motion for mistrial was the following testimony by Officer Ekstrom:

Q. [by the prosecutor]: Did [Rose's girlfriend] also tell you in this conversation that she was in fear of Mr. Rose?

A. [by Officer Ekstrom]: Yes, she did.

Q. What did she state to you?

A. She told me he had become irrational and made statements, threatening statements about burning the house down and burning the vehicles up and she was afraid that he would physically abuse her little boy as he had before.

MR. FEATHERSTON: I am going to object to that and ask it be stricken and move for a mistrial ...

The district court sustained the objection but denied the motion for a mistrial. Later, the district court instructed the jury:

> Ladies and gentlemen, after a discussion with the lawyers it has been agreed that I advise you that you should disregard any statements made by Officer Ekstrom in his testimony when he was referring to any alleged abuse by the Defendant on any occasion other than what we are here regarding this alleged victim....

Both sides agreed to the language of this instruction.

Given our review of the trial, we cannot say that the district court erred in denying the motion for a mistrial. The testimony was properly stricken from the record and the district court gave a curative instruction. Rose does not offer any indication that the jury failed to follow this instruction, nor do we find such an indication in our own review. Given the weight of the other evidence against Rose and the district court's efforts to lessen the impact of the improper evidence, we cannot say that this singular statement of prior "physical abuse" is enough to warrant a mistrial. We hold, therefore, that the district court did not err in denying Rose's motion for a mistrial.

In conclusion, our free review of the record indicates that the district court did not err when it sustained the prosecution's objection to testimony regarding previous sexual behavior between the victim's brother and stepsister. We also conclude that the district court did not err when it denied Rose's motion for a mistrial. Accordingly, the judgment of conviction is affirmed.

WALTERS, C.J., and LANSING, J., concur.