# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49150

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: September 26, 2022 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| TORI MARIE HENSLEY, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Tori Marie Hensley appeals from her judgment of conviction for possession of a controlled substance. Hensley alleges the district court erred by denying her motion for mistrial. A denial of a motion for mistrial is reviewed for reversible error. Because the effect of the error was minimal given the probative force of the trial record as a whole establishing Hensley's guilt beyond a reasonable doubt, there is no reversible error. Thus, the district court did not err in denying the motion, and the judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Saldana made contact with Hensley outside the Idaho Youth Ranch after responding to a report that individuals appeared to be stealing from a donation area. Corporal Miller arrived at the scene, and Officer Saldana asked Hensley if she had taken any items from the

1

donation area. Hensley indicated that she had items from the donation area in her car. Hensley apologized and stated she would remove the items from her car. Hensley entered the backseat of the car and began piling the items located in the backseat so she could return them to the donation center. Corporal Miller observed Hensley pick up a purple eyeglass case from the front area of her car and place it in the pile of items she was returning to the donation center. As Hensley was walking towards the donation area, Corporal Miller asked Hensley to stop and directed Officer Saldana to take the eyeglass case. Officer Saldana took the eyeglass case; inside she found a glass pipe and a plastic baggie that had a white crystalline substance in it. Hensley was placed under arrest for possession of methamphetamine, and officers conducted a search of Hensley's car and located Hensley's purse which had her wallet inside. During the search of Hensley's purse, officers found butane torches and a small amount of marijuana. The officers performed a field test of the white crystalline substance which returned a presumptive positive for methamphetamine.

The State charged Hensley with possession of methamphetamine, Idaho Code § 37-2732(c)(1), and a persistent violator enhancement, I.C. § 19-2514. Prior to trial, Hensley moved to exclude evidence of prior bad acts, including any references to prior criminal history, involvement with law enforcement, and Hensley's probationary status. The district court granted the motion in part, limiting the State's ability to inquire with regard to Hensley's probationary status, and the case proceeded to trial.

Officer Saldana testified at trial, and during her testimony, the State asked how she identified the wallet as belonging to Hensley. Officer Saldana responded: "She had her identification in it as well as her--an old Bannock County jailer card inside of it that had her photo and her name on it." Hensley objected and asked to be heard outside the presence of the jury. Hensley argued Officer Saldana's testimony regarding the jail identification card alluded to prior bad acts Hensley had committed. Hensley requested the district court grant a mistrial or strike the statement from the record. The State did not object to the statement being stricken, but did not feel the statement warranted a mistrial. After Hensley renewed her request for a mistrial, the district court declined to grant a mistrial but agreed to strike the statement and instruct the jury to disregard it. When the jury returned to the courtroom, the district court explained to the jury that the statement had been stricken from the record and instructed the jury to disregard any reference to a "jailer card" that had been testified to. The court instructed the jury that the statement was "not to be considered, now or later, in your deliberations."

2

The jury found Hensley guilty of possession of methamphetamine. Thereafter, Hensley pleaded guilty to the persistent violator enhancement. Hensley timely appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Hensley alleges the district court erred in denying her motion for a mistrial because Officer Saldana's reference to her jail identification card was impermissible prejudicial evidence which constituted reversible error. In response, the State alleges the district court did not err.

In criminal cases, motions for mistrial are governed by I.C.R. 29.1, which provides that "[a] mistrial may be declared on motion of the defendant when there occurs during the trial, either inside or outside the courtroom, an error or legal defect in the proceedings, or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial." The threshold inquiry on appeal following a motion for a mistrial is whether the State introduced error. *State v. Richardson*, 168 Idaho 25, 30, 478 P.3d 754, 759 (Ct. App. 2020). The State does not dispute that Officer Saldana's reference to Hensley's jail identification card was improper.

However, a defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133

3

(1986). Accordingly, error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the standard of review is one of harmless error. This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Richardson*, 168 Idaho at 31, 478 P.3d at 760. If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* at 33, 478 P.3d at 762. The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

We first consider the probative force of the statement. It is well established that the admission of improper evidence does not automatically require a mistrial. *State v. Grantham*, 146 Idaho 490, 498, 198 P.3d 128, 136 (Ct. App. 2008); *State v. Hill*, 140 Idaho 625, 631, 97 P.3d 1014, 1020 (Ct. App. 2004); *see also State v. Rose*, 125 Idaho 266, 269, 869 P.2d 583, 586 (Ct. App. 1994). A district court's curative instruction is a factor to consider when determining the probative force of the error. *Richardson*, 168 Idaho at 31, 478 P.3d at 760. Where improper evidence is introduced into a trial and the trial court promptly instructs the jury to disregard such evidence, we presume that the jury followed the court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). This presumption may be overcome if there is an overwhelming probability that the jury will be unable to follow the trial court's instructions and a strong likelihood that the evidence would have a devastating effect to the defendant. *Grantham*, 146 Idaho at 498, 198 P.3d at 136.

Hensley acknowledges the district court instructed the jury to disregard the statement at issue, but argues the continuing prejudicial effect of the statement regarding her jail identification card was not cured by the instruction. Hensley asserts that "the particular circumstances of her case" were such that the effect of Officer Saldana's statement could not be cured by an instruction to disregard. Hensley further asserts that counsel for the State invited consideration of Officer Saldana's statement referencing the jail identification card by stating "guilty people act guilty"

4

three times during closing argument. Hensley fails to establish that this Court should set aside the presumption that the jury followed the district court's instruction.

When asked how she determined the wallet found in the front of the car belonged to Hensley, Officer Saldana responded: "She had her identification in it as well as her--an old Bannock County jailer card inside of it that had her photo and her name on it." The district court promptly issued a curative instruction, and Hensley's possession of a jail identification card was not referenced at any other point during trial.

Because the statement only established that Hensley had a jail identification card, the record does not demonstrate the statement had a devastating impact on Hensley's defense in this case. Moreover, the jury was instructed to ignore the statement and there is nothing that indicates the jury was unable to do so. The remarks by the State's counsel that "guilty people act guilty" occurred during closing argument and were referencing Hensley's behavior when she went to remove the items from her vehicle, not the jail identification card. When viewed in context, the State's argument was that Hensley's actions were suspicious and indicative of guilt. For example, the State argued that Hensley's behavior, like piling items to return in the backseat, but then going to the front seat of the car to remove the items from the backseat; shuffling the items on the front passenger seat; and attempting to conceal the eyeglass case amidst the items from the backseat, was indicative of her guilt. Thus, it was not the possession of the jail identification card that the State referenced, but instead, Hensley's suspicious behaviors. The district court instructed the jury to disregard Officer Saldana's statement, and the State did not reference the stricken testimony in closing argument. As there is no evidence in the record establishing an overwhelming probability that the jury was unable to follow the district court's instruction, we presume that the jury disregarded Officer Saldana's statement that Hensley had a jail identification card in her wallet.

Next we consider the probative force of the statement when weighed against the evidence in the case, excluding the statement. Corporal Miller testified that while Hensley was gathering items in the backseat of her car, he noticed a black purse, a tan wallet, and a purple eyeglass case in the front seat of the car. After Hensley piled the items in the backseat, she walked to the front passenger door, entered the car, and reached over the center console to retrieve the items in the backseat. Corporal Miller testified that Hensley's conduct stood out to him because it would have been easier to remove the items directly from the backseat. As Hensley was taking items from the backseat, she picked up the purple eyeglass case and placed it under a few items in the pile.

5

Hensley began walking towards the donation bin with the items, and Corporal Miller asked her what was in the eyeglass case. Hensley said she did not know what was inside the case, and Corporal Miller asked Officer Saldana to take the eyeglass case and look inside. Inside the eyeglass case Officer Saldana found a glass pipe, which she described as being commonly used for smoking methamphetamine, as well as a clear plastic baggie that had a white crystalline substance which tested presumptive positive for methamphetamine. Inside Hensley's purse, officers found butane torches, which Officer Saldana and Corporal Miller testified are commonly used for smoking methamphetamine out of glass pipes. Corporal Miller also observed burn marks on Hensley's fingers.

Weighing the probative value of the statement referencing Hensley's jail identification card against the probative value of the record as a whole without the statement, we conclude Officer Saldana's statement that Hensley had a jail identification card in her wallet did not have a continuing effect on the trial. Rather, the statement was unimportant in relation to the other evidence presented to and considered by the jury. This Court is satisfied that the error was minimal when compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, and the error did not contribute to the jury's verdict. Thus, the district court did not err in denying the motion for a mistrial.

## IV.
## CONCLUSION

The statement referencing Hensley's jail identification card did not constitute reversible error. Accordingly, the district court did not err in denying Hensley's motion for mistrial, and the judgment of conviction is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.